## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MAPLE STAR SHIPPING LIMITED** § | | |
| Plaintiff, § | | |
| § | | |
| V. § | C.A. No. _____ | |
| § | IN ADMIRALTY, Rule 9(h) | |
| **BUNKERS ONBOARD THE** § | | |
| **M/V IVS KESTREL (IMO: 9700926),** § | | |
| *in rem* and § | | |
| **CLIPPER STEEL SERVICES LTD.,** § | | |
| *in personam* § | | |
| Defendants. § | | |

### VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

COMES NOW MAPLE STAR SHIPPING LIMITED ("Plaintiff"), files this Verified Original Complaint against the Bunkers located onboard the M/V IVS KESTREL, IMO No. 9700926 (hereinafter the "Bunkers") *in rem,* and against the owner of the Bunkers, Clipper Steel Service LTD (hereinafter "Clipper Steel") *in personam*, seeking damages for a breach of a maritime contract and enforcement of its maritime lien, and alleges and pleads as follows:

### JURISDICTION AND VENUE

1. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rule B.

2. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333. This is an action for breach of a maritime contract.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) (2) and (b)(3) and Supplemental Admiralty Rule B.

4. Plaintiff invokes the maritime procedures and special relief provided in Rule B of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions

("Admiralty Rules") of the Federal Rules of Civil Procedure for the arrest and attachment of the Bunkers (marine vessel fuel) located onboard the M/V IVS KESTREL as detailed herein.

## PARTIES

5.      At all times material hereto, Plaintiff was and still is a foreign corporation, with its principal place of business located at No.117, Dongfang Road, Pudong New Area, Shanghai, China, Zip Code: 200120.

6.      Defendant Clipper Steel charters vessels for the marine transportation of steel products throughout the world, with its principal place of business located at Sundkrogsgade 19, 2100 Copenhagen Denmark.  Service of process may be made under the Hague Convention on the Service of Process Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters.

7.      Clipper Steel is the owner of the Bunkers located onboard the M/V IVS KESTREL, which is currently located within this District.

8.      The M/V IVS KRESTEL (IMO NO. 9700926) is a 32,726 gross ton Singaporean flagged bulk carrier.

## FACTS

9.      Plaintiff brings this action in order to attach property as security for a breach of a maritime contract between Plaintiff and Clipper Steel.

10.     Plaintiff is the registered owner and/or owner pro hac vice of the M/V MAPLE STAR (IMO NO. 9662370).

11.     On or about June 29, 2019, Plaintiff entered into a Charter Party with Clipper Steel for the time charter of the MAPLE STAR.

12.     Between July 16-21, 2019, the MAPLE STAR was conducting cargo operations at Cooper Consolidated Terminals on the Mississippi River, which was running with a strong

current and high water during this time. After completion of loading operations, the MAPLE STAR could not heave up the vessel's port side anchors. After various attempts to lift the port side anchor were unsuccessful, a crane barge was called to assist. Ultimately, the portside anchor chain was cut so that the vessel could depart the terminal.

13. During the call of the MAPLE STAR at the Cooper Consolidate Terminal, Plaintiff incurred various expenses, which included terminal charges, demurrage, the costs for the crane barges and other claims and expenses. In addition, Plaintiff posted $1,250,000.00 as security for terminal charge claims asserted by Cooper Consolidated. Under the terms of the controlling Charter Party, all of the terminal charges, charter hire, pilot fees, survey fees, legal costs, bunkers, barge costs and other costs and damage expenses, are the responsibility of Clipper Steel.

14. Plaintiff complied with every one of its obligations to Clipper Steel pursuant to the Charter Party. Clipper Steel has failed to pay for the port charges, costs, expenses and damages arising out of the call of the vessel at the Cooper Consolidated Terminal, in breach of the Charter Party.

15. Accordingly, Plaintiff has incurred damages in the amount of $1,558,569.52 due to Clipper Steel's breach of the Charter Party.

16. Plaintiff has made multiple formal demands upon Clipper Steel to remedy its breach of the Charter Party.

17. Clipper Steel has wrongfully refused to pay for the damages caused by its breach of the Charter Party.

18. Under the terms of the Charter Party, disputes are subject to English Law and Arbitration. Accordingly, Plaintiff intends to prosecute an arbitration proceeding against Clipper Steel seeking damages arising out of the Cooper Terminal incident. Furthermore,

pursuant to the Charter Party, Plaintiff is entitled to recover all costs and fees associated with the arbitration.

19. As security for the arbitration, Plaintiff seeks an order of arrest and attaches the Bunkers located onboard the M/V IVS KRESTEL *in rem*, in accordance with Admiralty Rule B, as the Bunkers belong to Clipper Steel, who is not found within this District.

## CAUSES OF ACTION

### A. BREACH OF MARITIME CONTRACT

20. Plaintiff repeats and re-alleges each and every allegation contained in all proceedings paragraphs and incorporates those allegations herein.

21. Plaintiff and Clipper Steel entered into a Charter Party for the charter of the MAPLE STAR. This contract for the charter of the MAPLE STAR is a maritime contract.

22. Plaintiff performed all of its obligations pursuant to the Charter Party.

23. Clipper Steel, however, breached the Charter Party by failing to pay the costs, expenses and damages arising out of the call of the MAPLE STAR at the Cooper Consolidated Terminal.

24. Clipper Steel's nonperformance is a breach of the parties' agreements.

25. As a result of this breach, Clipper Steel owes Plaintiff $1,558,569.52, in addition to penalties, interest, and attorney's fees.

26. As of the date of this filing, Plaintiff is seeking $1,558,569.52 for the breach of the Charter Party by Clipper Steel.

### B. RULE B ATTACHMENT OF VESSEL

27. Plaintiff repeats and re-alleges each and every allegation contained in all proceeding paragraphs and incorporates those allegations herein.

28. Clipper Steel's breach of the Charter Party with Plaintiff gives rise to an *in personam* maritime claim for breach of contract in favor of Plaintiff for all damages caused by said breach. Accordingly, an attachment under Rule B is appropriate as expressly provided for in the Federal Arbitration Act and under the general maritime law.

29. The damages suffered by Plaintiff have been described in preceding paragraphs above, and the damages for which Clipper Steel is liable includes $1,558,569.52 for the breach, in addition to interest, attorney fees and all other costs incurred to remedy the breach.

30. Upon information and belief, and after investigation, neither Clipper Steel nor its officers or principals can be found within this judicial district for the purposes of Admiralty Rule B.

31. Although Clipper Steel cannot be found within the District, it does possess tangible property that is now, or soon will be, within the jurisdiction of this Honorable Court.

32. Specifically, Plaintiff avers on information and belief that Clipper Steel owns the Bunkers located onboard the M/V IVS KRESTEL, which is currently within this District.

33. Plaintiff moves for this Court to issue a Warrant Attaching the Bunkers located onboard the M/V IVS KRESTEL to secure and pay any judgment rendered in this case and in the arbitration against Clipper Steel for Plaintiff's causes of action for breach of the maritime contract.

## ATTORNEY'S FEES

34. As a result of Clipper Steel's breach, and its failure and refusal to remedy its breach pursuant to the Charter Party, Plaintiff has been forced to retain legal counsel and seeks reimbursement for its reasonable attorney fees as provided for in the Charter Party and as required by the laws of the Honorable Court.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

a) That this Verified Complaint be deemed good and sufficient;

b) That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, be issued against the Bunkers located onboard the M/V IVS KRESTEL *in rem,* and Clipper Steel Services Ltd., *in personam*, citing them to appear and answer under oath, all and singular, the matters alleged in the Verified Complaint;

c) That pursuant to Admiralty Rule B, this Court issue an Order directing the Clerk of Court to issue a Warrant of Maritime Arrest and Attachment, arresting the Bunkers located onboard the M/V IVS KRESTEL;

*d)* That a warrant for the arrest and attachment of the Bunkers located onboard the M/V IVS KRESTEL be issued, and that the Bunkers be seized by the U.S. Marshal to be held as security against any judgment to be entered herein or in the arbitration*;*

e) That after due proceedings, judgment be entered in favor of Plaintiff and against the Bunkers located onboard the M/V IVS KRESTEL, *in rem,* and against Clipper Steel, *in personam*;

f) That the Bunkers located onboard the M/V IVS KRESTEL, *in rem,* after its arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale the full amount of its claim, together with interest, costs, and attorney's fees;

g) That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Respectfully submitted,
**HOLMAN FENWICK WILLAN USA LLP**

*/s/    Gerard J. Kimmitt, II*

        Gerard J. Kimmitt, II
        State Bar No. 11427500
        Federal Bar No. 08454
        jerry.kimmitt@hfw.com
        5151 San Felipe, Suite 400
        Houston, Texas 77056
        Telephone: (713) 917-0888
        Telefax: (713) 953-9470
        **ATTORNEY-IN-CHARGE FOR PLAINTIFF**
        **MAPLE STAR SHIPPING LIMITED**

**OF COUNSEL:**
**HOLMAN FENWICK WILLAN USA LLP**
Alejandro Mendez-Roman
State Bar No. 24102778
Federal Bar No. 2295449
alex.mendez@hfw.com
Christopher Hart
TBN: 09136310
Chris.hart@hfw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAPLE STAR SHIPPING LIMITED<br>Plaintiff,<br><br>V.<br><br>BUNKERS ONBOARD THE<br>M/V IVS KESZTREL (IMO: 9700926),<br>*in rem* and<br>CLIPPER STEEL SERVICES LTD,<br>*in personam*<br>Defendants. | § § § § § § § § § § § § | C.A. No. _____<br>IN ADMIRALTY, Rule 9(h) |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, I __Ao JINSHAN__ declare:

1. I am a representative of Maple Star Shipping Limited, the Plaintiff in the above captioned dispute. I have been designated to execute this verification on behalf of Plaintiff.

2. I have read the foregoing Original Verified Complaint and know the contents thereof.

3. The facts asserted in the Original Verified Complaint, are true and correct within my personal knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2019

Signed: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAPLE STAR SHIPPING LIMITED<br>Plaintiff, | § § § | |
| V. | § § | C.A. No. _____<br>IN ADMIRALTY, Rule 9(h) |
| BUNKERS ONBOARD THE<br>M/V IVS KESTREL (IMO: 9700926),<br>*in rem* and<br>CLIPPER STEEL SERVICES LTD,<br>*in personam*<br>Defendants. | § § § § § § § | |

**AFFIDAVIT**

**State of Texas**    §
                     §
**County of Harris**  §

BEFORE ME, the undersigned authority, on this day personally appeared Christopher Hart, who after being duly sworn, deposed and stated as follows:

"I am an attorney with the firm of HOLMAN FENWICK WILLAN USA LLP and one of the attorneys for the Plaintiff in this case.

Co-counsel, Mr. Alejandro Mendez-Roman, and I have personally inquired into Clipper Steel Services Ltd.'s presence in this district. Based on a search of the online records of the Secretary of State for the State of Texas, Clipper Steel Services Ltd. is not registered to conduct business within the State of Texas and has no agent for service of process within the Southern District of Texas. Having searched the telephone company directory it was determined that Clipper Steel Services Ltd. does not have a telephone listing in the State of Texas. It is the best of my information and belief, based upon this investigation, that Clipper Steel Services Ltd. cannot be found within this district for purposes of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure."

**Christopher Hart**

SWORN TO AND SUBSCRIBED before me by the said Christopher Hart, this, the 13th day of December 2019, to certify which witness my hand and seal of office.

Notary Public, The State of Texas



BELINDA ANNE ELLENDER
Notary Public, State of Texas
Comm. Expires 01-23-2023
Notary ID 130081720

9